This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                      **NO. 34,197**

**NATHAN D. PERCY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Steven L. Bell, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     Defendant appeals his conviction for aggravated driving while under the

influence ("DUI"). [DS unnumbered pages 2-3] This Court issued a notice of proposed summary disposition proposing to affirm, and Defendant has filed a memorandum in opposition to that disposition. Having fully considered that memorandum, we remain unpersuaded and now affirm.

{2}      Defendant's first appellate issue challenges the relevance of testimony received in response to a jury question. [DS unnumbered page 19] After a witness had testified that Defendant was being belligerent in a convenience store prior to getting in his truck and driving, a jury question asked how he was being belligerent. [DS unnumbered pages 7, 19] Over Defendant's objection that the question was not relevant, the court permitted the witness to answer that Defendant was cursing, waving his hands, and yelling. [DS unnumbered page 7] Our notice proposed to hold that the testimony was relevant to the question of whether Defendant was intoxicated before getting in his truck. [CN 3-4] In his memorandum, Defendant continues to assert—as he did in his docketing statement—that this testimony was not relevant to "the only issue presented" by the witness's testimony, which Defendant asserts to have been whether or not he drove the truck. [MIO 3] We continue to disagree. Defendant does not explain, either in his docketing statement or in his memorandum, why a witness's testimony should be limited to only one element of the crime with which he was charged. Because intoxication is an element of DUI, evidence of

intoxication will generally be relevant in prosecutions for DUI.

{3} Defendant also now asserts that testimony regarding his belligerent actions immediately before driving away was inadmissible as evidence of other bad acts, intended to establish his bad character. [MIO 4] Other-acts evidence is generally inadmissible despite being "logically relevant to show that the defendant committed the crime by acting consistently with his or her past conduct[.]" *State v. Gallegos*, 2007-NMSC-007, ¶ 21, 141 N.M. 185, 152 P.3d 828; *see also* Rule 11-404(B)(1) NMRA (prohibiting use of other acts "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character"). In the context of this prosecution, however, the evidence at issue does not involve past conduct; the testimony concerned his intoxication at the time of the crime for which he was charged. And, in any event, it does not appear that Defendant asserted an objection on the basis that the testimony was inadmissible character evidence at his trial. [DS unnumbered page 7; MIO 3] *See* Rule 12-208(D)(4) NMRA (requiring that docketing statements include a statement of how each issue was preserved in the trial court). Defendant's docketing statement and memorandum in opposition each fail to point out where he invoked any ruling of the district court on this issue. "Absent that citation to the record or any obvious preservation, we will not consider the issue." *Crutchfield v. N.M. Dep't of Taxation & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M.

26, 106 P.3d 1273.

{4} Defendant also challenges the admissibility of the breath card used to establish his B.A.C. at the time of his arrest. [DS unnumbered pages 19-20] Our notice of proposed disposition addressed his arguments that the breath card was hearsay and that a proper foundation was not laid for its admission. [CN 4-5] In his memorandum in opposition to that proposed disposition, Defendant "continues to argue" that the breath card was inadmissible for the reasons set out in his docketing statement. [MIO 4] We continue to be unpersuaded by those arguments.

{5} Finally, Defendant suggests that it was fundamental error for the district court to give a lesser-included jury instruction at the conclusion of trial. In doing so, Defendant argues that it was error to instruct the jury that, if it did not find him guilty of aggravated DUI, it could still convict him of DUI, if alcohol rendered him "less able to the slightest degree . . . to handle a vehicle with safety." [RP 188] In support of this argument, Defendant's memorandum asserts that, although there was ample evidence of intoxication, "there was no testimony establishing actual impaired driving." [MIO 5] We disagree. The jury in this case heard testimony that Defendant, in an apparently intoxicated state, drove his truck. [DS 5] That testimony included a description of Defendant's driving. [Id.] The jury also heard the testimony of a law enforcement officer to the effect that, after apparently driving his truck, Defendant

4

was unable or unwilling to perform field sobriety tests. [DS unnumbered pages 7-8] The jury could reasonably infer from such evidence that, while driving, Defendant was impaired by alcohol. We find no error in the district court's instructions to the jury.

{6}     Consequently, for the reasons stated in this Court's notice of proposed disposition, we affirm Defendant's conviction.

{7}     **IT IS SO ORDERED.**


_____
**TIMOTHY L. GARCIA, Judge**


**WE CONCUR:**


_____
**CYNTHIA A. FRY, Judge**


_____
**J. MILES HANISEE, Judge**